Argued June 10, affirmed September 8, 1965

STATE OF OREGON *v.* OLSEN

405 P. 2d 358

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Tom P. Price,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

PERRY, J.

The defendant Robert Gene Olsen was convicted of the crime of selling a narcotic drug (marijuana), and appeals.

Defendant's sole contention of prejudicial error justifying a reversal is based upon the admission into evidence as an exhibit a brown paper sack and its contents. His objection to its introduction is "[t]here has been no showing as to where it has been, or what has happened to it. Or whether it has been altered or tampered with."

The police officer who purchased the bag and its contents testified that the paper sack introduced in evidence was the one he purchased from the defendant, purportedly containing marijuana, and that the initials on the bag were those of himself and a federal narcotics officer; that they had each initialed the bag shortly after the purchase had been made; that the bag and its contents were sealed in a treasury department evidence envelope and delivered by him to officer Hurt of the Portland police department for analysis. He further testified that the sack and its contents appeared to be in substantially the same condition at the trial as when he had made the purchase.

Officer Hurt testified he received the sealed sack and its contents from the purchasing officer; that he made an analysis of the contents of the brown paper sack and found it to be marijuana. He further testified that the contents of the sack offered as Exhibit 1 appeared to be marijuana.

■■ There is no question but that the sack and its contents were sufficiently identified and traced from the purchase to time of trial, and "[i]t is not necessary that an object which is offered in evidence should be in precisely the same condition at the moment of its

offer as at the time when it played a part in the occurrence which gave rise to its offer in evidence. But, the change in its condition must not have been wrought for unjustifiable purposes, and it must not be of sufficient moment so that the exhibit will mislead." *State v. Hood,* 225 Or 40, 47, 356 P2d 1100.

This appeal is totally without merit and the judgment is affirmed.